United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40685
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOANG VAN NGUYEN, also known as Soi, also known as Soy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-53-1-LED
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hoang Van Nguyen appeals the 240-month sentence imposed by the district court following his guilty-plea conviction of one count of conspiring to manufacture, distribute, or possess with intent to manufacture, distribute or dispense Ecstasy, methamphetamine, cocaine, cocaine base, and marijuana. Nguyen first argues that the district court clearly erred in finding that he was responsible for 50,000 units of Ecstasy, a determination that affected his base offense level. He attacks the credibility of testimony presented at his sentencing hearing,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and he argues that there is no reliable evidence to connect him to 50,000 units of Ecstasy. In view of the testimony adduced at his sentencing hearing, Nguyen has failed to show that the district court clearly erred in holding him accountable for 50,000 units of Ecstasy. See United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998); U.S.S.G. § 1B1.3.

Nguyen also challenges the district court's determination that he was a manager or supervisor under U.S.S.G. § 3B1.1(b). Because Nguyen's Factual Resume and the testimony adduced at his sentencing hearing support the district court's application of the three-level adjustment under U.S.S.G. § 3B1.1(b), Nguyen has failed to show that the district court's factual finding as to his role in the offense was clearly erroneous. See United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998).

Finally, relying on Blakely v. Washington, 124 S. Ct. 2531 (2004), Nguyen contends that the sentencing guidelines are unconstitutional as applied to his case because he has not admitted to being involved with 50,000 units of Ecstasy or to his role in the offense. Nguyen acknowledges that his argument is foreclosed by this court's decision in United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), but he seeks to preserve the issue for further review. Nguyen's Blakely argument is foreclosed. See Pineiro, 377 F.3d at 473.

The judgment of the district court is AFFIRMED.